NO. 07-06-0169-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 21, 2006



______________________________


 

OUANE THONGSAVATH, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 27,884-C; HONORABLE PATRICK PIRTLE, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ORDER ON ABATEMENT AND REMAND


 Appellant, Ouane Thongsavath appeals from a judgment convicting him of
aggravated sexual assault. On June 9, 2006, pro se appellant filed a Motion to Proceed
in Forma Pauperis; and, Request for Free Transcription and Inclusion of Clerk's and
Reporter's Record on Appeal. Nothing of record appears showing the appellant is indigent
and entitled to a free record. 

 Accordingly, we now abate this appeal and remand the cause to the 251st District
Court of Potter County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following: 


 Whether appellant desires to prosecute this appeal;
 Whether appellant is indigent;
 Whether appellant is entitled to a free appellate record due to his indigency; 
 Whether appellant is entitled to appointed counsel; and, 
 What orders, if any should be entered to assure the filing of appropriate
notices and documentation to dismiss appellant's appeal if appellant does
not desire to prosecute this appeal, or if appellant desires to prosecute this
appeal, to assure that the appeal will be diligently pursued. 



The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings
of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed
a supplemental clerk's record containing the findings of fact and conclusions of law and all
orders it may issue as a result of its hearing on this matter, and 3) cause to be developed
a reporter's record transcribing the evidence and arguments presented at the
aforementioned hearing. Additionally, the district court shall then file the supplemental
record with the clerk of this court on or before July 21, 2006. Should further time be
needed by the trial court to perform these tasks, then same must be requested before July
21, 2006. 

 It is so ordered. 

 Per Curiam. 

Do not publish. 



r a hearing on a 306a(5) motion, the party must obtain
a signed order specifying the date that notice or actual knowledge was first received. Tex.
R. App. P. 4.2(c). Without adhering to the proper procedures and procurement of an order
from the trial court finding the date on which notice or actual knowledge was received, this
Court cannot depart from the original appellate timetable. Nothing in the record before us
indicates that the Trevinos complied with proper procedures in the trial court; thus, their
request for findings of fact was due to be filed on February 19, 2002. Failure to timely file
the request deprived them of the additional 60 days in which to file their notice of appeal. 
Tex. R. App. P. 26.1(a)(4). Thus, the notice of appeal was due to be filed no later than
March 1, 2002, making the notice of appeal filed on May 22, 2002, untimely.

 Accordingly, without an order from the trial court reciting the date when the Trevinos
or their attorney first received notice that the order of severance was signed, we must
adhere to the original appellate deadlines and dismiss this appeal for want of jurisdiction. 
Tex. R. App. P. 42.3(a).


 Don H. Reavis

 Justice



Do not publish.

1. The 90th day after January 30, 2002, was April 30, 2002.